IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PHILLIP D. HALLFORD,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 07-0401-WS-C** |
| | ) |
| **RICHARD ALLEN,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

    This matter is before the Court on Plaintiff's Statement of Appeal of the Magistrate Judge's Order (doc. 21).

**I.    Background.**

    On June 1, 2007, plaintiff Phillip D. Hallford, an inmate on Alabama's death row, filed a Complaint (doc. 1) under 42 U.S.C. § 1983 alleging that Alabama's current lethal-injection procedures for execution violate his right to be free of cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. Defendants have filed a Motion to Dismiss (doc. 15) pursuant to Rule 12(b)(6), Fed.R.Civ.P., which Motion has been briefed and is presently under submission.

    On July 23, 2007, while briefing was ongoing for defendants' Rule 12(b)(6) Motion, plaintiff filed a Motion for Discovery in Advance of Rule 26(f) Conference (doc. 16). Plaintiff's supporting memorandum of law explained that he desired immediate discovery concerning certain aspects of Alabama's execution protocol. He asserted that the discovery he seeks "need not be onerous" and "will likely be modest," given its substantial overlap with already-completed or ongoing discovery in § 1983 actions brought by other Alabama inmates challenging Alabama's lethal-injection procedures. (Doc. 16, at 6, 8.) On August 10, 2007, Magistrate Judge William E. Cassady entered an endorsed order denying the Motion for Discovery. As grounds for his ruling, Magistrate Judge Cassady wrote, "It has not been shown that the immediate initiation of discovery is necessary in this action." (Doc. 18.)

    Hallford now appeals. The sole asserted basis for this appeal is that Magistrate Judge

Cassady's ruling "constituted an abuse of discretion because it was entered without any explanation as to why the reasons Plaintiff offered in support of his motion were unpersuasive," and "was entered before Defendants filed a response in opposition to Plaintiff's Motion, and without the benefit of a hearing." (Doc. 21, at 1.)

## II.     Analysis.

The instant appeal is reviewed pursuant to Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a *de novo* determination ...."). Accordingly, the "clearly erroneous or contrary to law" standard of review is operative here.

Hallford's Motion for Discovery in Advance of Rule 26(f) Conference was governed by Rule 26(d), Fed.R.Civ.P., which generally provides that, absent court order or agreement by the parties, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *Id.*[1] Also relevant is Local Rule 26.1(c), which generally provides that absent a written stipulation by the parties or court order, "formal discovery ... may not be commenced before the meeting of the parties under Fed.R.Civ.P. 26(f)." *Id.* In applying these rules to the particular circumstances of this case, Magistrate Judge Cassady was vested with

---

[1]     The Advisory Committee Notes to the 1993 Amendments of Rule 26 suggest that it may be appropriate for courts to lift the moratorium on pre-discovery plan discovery "in some cases, such as those involving requests for preliminary injunction or motions challenging personal jurisdiction." *Id.* One prominent commentator has opined that "it is implicit that some showing of good cause should be made to justify such an order." Wright, Miller & Marcus, 8 *Federal Practice and Procedure Civ.2d* § 2046.1.

wide discretion.  *See, e.g., Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1327 n.6 (11th Cir. 2006) ("we note that the district court has wide discretion in deciding whether a party is entitled to an opportunity for discovery"); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("we emphasize that district courts are entitled to broad discretion in managing pretrial discovery matters").  Appellate review of his ruling would be only for a "clear abuse of discretion."  *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003).

  Notwithstanding this highly deferential standard, Hallford maintains that Magistrate Judge Cassady's denial of his request for pre-Rule 26(f) discovery was necessarily an abuse of discretion because he "provided no reasoning or authority to support his denial of Mr. Hallford's motion." (Doc. 21, at 4.)  This contention is factually inaccurate.  The Magistrate Judge's ruling clearly and concisely stated its reasoning, to-wit: that "[i]t has not been shown that the immediate initiation of discovery is necessary in this action."  The burden was on plaintiff to show a need for pre-Rule 26(f) discovery, and Magistrate Judge Cassady denied the request because he expressly found that Hallford had failed to carry that burden.  The Magistrate Judge was required to do nothing further to preserve the record and facilitate review.  While plaintiff might have preferred a detailed order, exhaustively surveying plaintiff's stated reasons for seeking relief and offering a point-by-point rebuttal of each of them, he was not entitled to such specificity.  To hold otherwise would be to ignore the realities of the heavy dockets confronting district judges and magistrate judges alike, and subject them to burdensome formalities of preparing extensive, multi-page orders deflating each and every argument raised by the losing party.  The result would be increasing backlogs and spiraling delays in the resolution of even routine discovery motions as judges struggled to jump through procedural hoops to explain their denial of motions whose infirmities are plain on their face.  This is not the law.

  The two cases cited by plaintiff are readily distinguishable.  In *Brooks v. United States*, 837 F.2d 958 (11th Cir. 1988), the magistrate judge struck a plaintiff's witness as a discovery sanction without making any findings that the plaintiff had done anything wrong, without offering any explanation for why the court did what it did, without indicating that it had considered and rejected lesser sanctions than barring the witness from testifying, and without even affording the plaintiff an opportunity to contradict the defendant's allegations of chicanery.  *See id.* at 963.  Such circumstances are utterly dissimilar to those presented in this case, wherein

Magistrate Judge Cassady denied the plaintiff's motion for early discovery for the stated reason that plaintiff had failed to make an adequate showing to justify same. Likewise, in *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611 (7th Cir. 1993), the district court denied a request for sanctions by making a cryptic statement that the proponent of the motion "failed to do so effectively." *Id.* at 620. The Seventh Circuit concluded that "the district court's explanation is so conclusory that we cannot review the substance of its decision." *Id.* at 620. By contrast, in the case at bar, Magistrate Judge Cassady succinctly found that plaintiff's stated justifications for requesting pre-Rule 26(f) discovery failed to amount to a showing of necessity. That determination is readily reviewable by this Court or by an appellate court by examining each of plaintiff's stated reasons for relief and assessing whether they arose to the level of a showing that early initiation of discovery is necessary. Thus, neither *Brooks* nor *AHP Subsidiary* supports plaintiff's position.

      Nor is there any legal basis for plaintiff's objection that the Motion for Discovery should not have been ruled on until after defendants had been heard in response and after a hearing had been held. Nothing in the Federal Rules of Civil Procedure, the Local Rules of this District Court, or any binding case authority of which this Court is aware would mandate such procedural formalities as an absolute prerequisite to ruling on a routine discovery motion. Furthermore, Magistrate Judge Cassady correctly found that the Motion's infirmities were so apparent on its face that there was no need to delay ruling by directing a response brief and scheduling oral argument. In particular, although plaintiff asserts that time is of the essence in this matter if this litigation is to be concluded before his execution, no execution date has been set nor does it appear that any such setting is imminent given his currently pending petition for writ of certiorari before the U.S. Supreme Court. What is more, plaintiff undercuts his own argument by stating that the discovery he will need before trial will likely be "modest" and largely duplicative of discovery that defendants have already provided in other matters. Under the circumstances, plaintiff has not shown why entry of an abbreviated discovery period in the Rule 16(b) scheduling order will not suffice to protect his interests in expeditiously concluding this litigation. Finally, it must be remembered that plaintiff's motion for early discovery was filed in the shadow of a motion to dismiss by defendants, which has been briefed and has been taken under submission. Under the circumstances of this case, to allow early discovery prior to

resolution of the substantial issues presented in the Rule 12(b)(6) motion would be inefficient, at best.

### III.    Conclusion.

For the reasons stated *supra*, the Court cannot conclude that the Magistrate Judge's Order is clearly erroneous or contrary to law, as would be necessary for such a ruling to be overturned pursuant to Rule 72(a).  The Appeal (doc. 21) of the Magistrate Judge's Order dated August 10, 2007 is therefore **denied**.  Plaintiff's objections are **overruled** and Magistrate Judge Cassady's Order denying the motion for early discovery is **affirmed.**

DONE and ORDERED this 30th day of August, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE