IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PHILLIP D. HALLFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 07-0401-WS-C** |
| | ) | |
| **RICHARD ALLEN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This closed file comes before the Court on Plaintiff's Motion to Amend the Judgment and Reinstate the Complaint Pursuant to Rule 59 (doc. 25). The Motion has been briefed and is ripe for disposition at this time.

**I. Background.**

Plaintiff Phillip D. Hallford, an inmate on Alabama's death row, brought this action pursuant to 42 U.S.C. § 1983 alleging that the State of Alabama's lethal-injection procedures for execution violate his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution.

On September 6, 2007, the undersigned entered an Order (doc. 23) granting the State's Motion to Dismiss this action in its entirety pursuant to Rule 12(b)(6), Fed.R.Civ.P., on grounds of specialized equitable principles and undue delay. The September 6 Order relied heavily on a trilogy of recent Eleventh Circuit decisions, including *Williams v. Allen*, 496 F.3d 1210 (11th Cir. 2007), *Grayson v. Allen*, 491 F.3d 1318 (11th Cir. 2007), and *Jones v. Allen*, 485 F.3d 635 (11th Cir. 2007), in which the appellate court has unmistakably declared that § 1983 method-of-execution actions are properly dismissed for unreasonable delay where an inmate has waited to file his method-of-execution challenge until after or near the completion of collateral review, such that full adjudication of the constitutional claim would not be possible, in practical terms, without staying the execution.

The September 6 Order concluded that the circumstances of Hallford's § 1983 action fit neatly within the sorts of maneuvers rejected in *Williams*, *Grayson*, and *Jones*. Hallford was

sentenced to death for the underlying offense in April 1987.  State habeas review was concluded in 1994.  His federal habeas corpus petition under 28 U.S.C. § 2254 was denied by the district court in December 2004, which ruling was affirmed by the Eleventh Circuit in August 2006, with Hallford's ensuing request for rehearing being denied in November 2006.  Yet Hallford tarried, without justification and without excuse, until June 2007, 11 days after the conclusion of briefing on his petition for writ of *certiorari* in the § 2254 action, before bringing the instant § 1983 action challenging the constitutionality of Alabama's lethal injection protocols.  Inasmuch as it appeared (correctly, as it happens) that the Supreme Court's denial of Hallford's petition for writ of *certiorari* was imminent,[1] and given the Eleventh Circuit's admonition that "waiting until a petition for *certiorari* has been pending for over three months [before filing a method-of-execution challenge], is simply too late to avoid the inevitable need for a stay of execution," *Jones*, 485 F.3d at 639, the Court concluded that Hallford had unreasonably delayed in bringing this action and that a consequence of his unreasonable delay was that a final decision on the merits would not be reasonably possible without entry of a stay.

Concerning the timing of his execution, Hallford speculated that the earliest execution date the Alabama Supreme Court might set for him would be in April 2008.  Even if that assumption were correct, the September 6 Order explained, "it is not reasonable to believe that discovery could be conducted; dispositive motions could be filed, briefed, heard and ruled on; a trial on the merits could be concluded; and an appeal could be perfected and completed, all in advance of that April 2008 setting." (Doc. 23, at 10.)

For all of these reasons, the Court found that these circumstances triggered the strong equitable presumption against the grant of injunctive relief.  The Court further found that dismissal was appropriate because Hallford had failed to make any showing to rebut that

---

[1]   On October 1, 2007, the United States Supreme Court denied Hallford's petition for writ of *certiorari*.  *See Hallford v. Culliver*, --- S.Ct. ----, 2007 WL 736611 (Oct. 1, 2007).  The very next day, the State petitioned the Alabama Supreme Court to set an execution date for Hallford. (Doc. 27, at Exh. A.)  To date, the Alabama Supreme Court has not ruled on that petition, and there is no indication as to when it will do so; however, under Alabama law, once the Alabama Supreme Court takes action, an execution date may be set as soon as 30 days thereafter.  Thus, it is entirely possible that Hallford's execution date may be set for as early as late November 2007.

presumption and because the timing of this § 1983 action left little doubt that its real purpose was to effect a delay of Hallford's execution, and not merely an alteration of the manner in which it is to be carried out. The Court therefore dismissed the Complaint in its entirety.

Some 15 days after entry of the September 6 Order, Hallford filed a Motion to Amend the Judgment and Reinstate the Complaint Pursuant to Rule 59(e). As his sole ground for this Motion, Hallford insists that this Court erred in the September 6 Order by concluding that he "would need to conduct significant original discovery," even though no such facts could be ascertained from the Complaint. (Plaintiff's Brief (doc. 25), at 1.) To support this assignment of error, Hallford states for the first time in his Rule 59(e) Motion that he "stipulates that he will conduct no original discovery in this action, but will rely on the evidence already produced in *McNair*." (*Id.* at 2.)

**II. Analysis.**

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). The law is clear that a party may not properly utilize a motion to reconsider as a vehicle for repeating arguments considered and rejected in the underlying order. *See Gougler*, 370 F. Supp.2d at 1189 n.1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (similar); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).[2] Furthermore, it is well established in this Circuit that "additional facts and arguments that should have been raised in the first instance are not

[2] The pragmatic policy considerations underlying these principles are that "if every question once considered and decided remained open for reexamination in subsequent proceedings in that same case, [a district] court could not efficiently or satisfactorily perform its duties." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1985). Imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request by that party.

appropriate grounds for a motion for reconsideration." *Gougler*, 370 F. Supp.2d at 1189; *see also Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so). Furthermore, the Eleventh Circuit has stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp.2d 1378, 1379-81 (M.D. Ga. 2001) (similar).

That plaintiff brings his Motion pursuant to Rule 59(e) does not diminish the applicability of the foregoing principles. To the contrary, the Eleventh Circuit has recently reaffirmed that Rule 59 relief is appropriate only for "newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, --- F.3d ----, 2007 WL 2744884, *7 (11th Cir. Sept. 21, 2007) (internal citations and quotations omitted).

Upon careful review of Hallford's Rule 59 Motion and supporting legal memoranda, the Court concludes that he has failed to make the requisite showing to warrant amending the Judgment or reinstating the Complaint. Hallford's Motion hinges on his repeated contention that "the Court concluded that Mr. Hallford would need to conduct significant original discovery" in litigating his § 1983 claim herein. (Plaintiff's Brief (doc. 25), at 1.) Hallford's Motion goes on to state that "[t]he Court's manifest error of law was to dismiss the action based on a fact (that Mr. Hallford would require significant discovery) that cannot not [*sic*] be ascertained from the face of the complaint." (*Id.*, at 2.) The premise of Hallford's argument is incorrect, as it takes unwarranted liberties with the underlying ruling. The September 6 Order made no findings that "significant original discovery" would be necessary in this case. To the contrary, that Order simply stated, quite accurately, that there was "no basis for concluding that discovery in this action and *McNair* would be co-extensive." (September 6 Order, at 10 n.10.) At most, then, the September 6 Order merely observed that some original discovery would be necessary in this case. Indeed, Hallford had previously petitioned the Court for leave to commence discovery in

advance of the Rule 26(f) conference.  At that time, he insisted that discovery "must begin immediately if Mr. Hallford is to have any chance of a trial on the merits of his challenge to Alabama's lethal-injection protocol before he is executed."  (Memorandum of Law in Support of Plaintiff's Motion for Discovery (doc. 16), at 5.)  Hallford summarized his request as being for relief that would allow him "to complete the discovery necessary to have a ruling on the merits of his challenge to Alabama's lethal-injection protocol."  (*Id.* at 6.)  Although Hallford now maintains that this Court must "misapprehend" and "misunderstand" his position concerning the need for discovery, the Court knows of no other way that his earlier representations could have been construed.  Hallford had informed the Court in unequivocal terms that he believed discovery was necessary in this case, so much so that he sought expedited discovery.  Based on those representations, it was entirely proper and reasonable to find that the discovery in this action and in *McNair* were not co-extensive.  The Court discerns no manifest error of law or fact in that regard.

Moreover, that Hallford has apparently now changed his mind concerning the need for discovery in this case is not a valid basis for seeking reconsideration of the September 6 Order.  In his memorandum of law in support of his Rule 59 Motion, Hallford states for the first time that he "stipulates that he will conduct no original discovery in this action, but will rely on the evidence already produced in *McNair*."  (Plaintiff's Brief (doc. 25), at 2.)  This newly declared stipulation (which contravenes plaintiff's prior representations to the Court that discovery would, in fact, be necessary in this case) cannot properly be considered as a ground for Rule 59 relief.  As the Eleventh Circuit has made clear, a Rule 59(e) motion cannot be used to "raise argument or present evidence that could have been raised prior to the entry of judgment."  *Arthur*, 2007 WL 2744884, at *7.  By urging the Court to modify its prior ruling based on a stipulation now being offered for the first time, when plaintiff could have done so sooner, Hallford runs afoul of that directive.

Even if the Court were to consider plaintiff's stipulation about the lack of any discovery in this action, the September 6 Order would remain unchanged.  The nub of that decision was that Hallford had unreasonably delayed and that "it is not reasonable to believe that discovery could be conducted; dispositive motions could be filed, briefed, heard and ruled on; a trial on the merits could be concluded; and an appeal could be perfected and completed, all in advance of

[the] April 2008 setting" that Hallford speculated he would receive. (September 6 Order, at 10.) If discovery is removed from that equation, the Court remains of the opinion that the other elements of this action as described above could not reasonably be completed between now and April 2008. Therefore, the discovery issue identified by Hallford was by no means a critical finding upon which the September 6 Order was moored; rather, the Court would have reached the same conclusion even in the absence of any discovery considerations.

Finally, the Court is keenly aware that there are myriad forces at work in the nationwide debate concerning the constitutionality of the lethal-injection procedures about which Hallford complains in this action. Indeed, the Court recognizes that on September 25, 2007, the United States Supreme Court agreed to hear *Baze v. Rees*, --- S.Ct. ----, 2007 WL 2075334, *1 (Sept. 25, 2007), a method-of-execution challenge from Kentucky that apparently concerns a similar lethal injection protocol to that utilized in Alabama. In light of these developments, the Court does not know, and cannot predict, how the Alabama Supreme Court will react to the State's recent request to set an execution date for Hallford. However, the Court cannot assume, and there is no evidentiary reason to believe, that the Alabama Supreme Court will postpone setting an execution date for him for a sufficient time period to enable this action to proceed to final judgment in advance of any such execution date. Plaintiff's own, optimistic prognosis in this case was that an execution date could reasonably be expected to be set in or about April 2008. For the reasons stated in the September 6 Order, that simply does not leave enough time to litigate this § 1983 action to conclusion, particularly given Hallford's wholly unexcused and unnecessary delay in initiating these proceedings.

**III. Conclusion.**

For all of the foregoing reasons, Plaintiff's Motion to Amend the Judgment and Reinstate the Complaint Pursuant to Rule 59 (doc. 25) is **denied**.

DONE and ORDERED this 23rd day of October, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE